884 So.2d 1029 (2004)
Melvin Floyd MOUERY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2374.
District Court of Appeal of Florida, Fourth District.
October 13, 2004.
Rehearing Denied November 10, 2004.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of robbery with a firearm, based on an incident with a cab driver. We reverse for a new trial because the court erred in refusing to admit evidence of the cab driver's dishonesty which could have been a motive for accusing appellant.
The cabbie testified that when he picked appellant up at a bar, appellant mentioned that he did not have money. When they arrived at his home, appellant went inside to get the money. When appellant came out of his home, appellant was carrying a handgun and a shotgun and ordered the cabbie to take him to a different bar where someone had threatened him. Appellant did not get out of the cab at the bar, however, and while the cab was taking appellant back to his home, appellant *1030 threatened the cabbie with the gun and fired a shot out of the window. After the cabbie dropped appellant off, he reported the incident and identified appellant after his arrest.
At trial, the officer who arrested appellant testified that the appellant had given a statement in which he said that he had given the cab driver $100. The cab driver testified that he had not received any money from appellant.
Appellant attempted to attack the credibility of the cabbie with testimony that the cabbie had been accused by the cab company of keeping fares which should have gone to his employer, but the court would not permit it. On the proffer of this testimony, the cabbie admitted that he had not been honest about fares with his employer when he first started working. Whether the cabbie was eventually terminated as a result was unclear.
The trial court ruled that this evidence was not admissible because there had been no direct testimony by appellant that he had given the cabbie $100. The trial court believed that, because the only evidence of payment of $100 was the testimony of the arresting officer, the payment was not really a defense. The trial court concluded that this testimony would have to be given by appellant and subject to cross examination.
Appellant argues that the officer's testimony that appellant asserted he had paid the cabbie was sufficient to raise the issue that the cabbie was not being truthful when he testified he had not been paid. It was clearly relevant as the robbery charge was based on the failure to pay the fare.
In Pomeranz v. State, 634 So.2d 1145 (Fla. 4th DCA 1994), the defendant accused of a theft attempted to cross-examine the eyewitness, the night manager of a fast food restaurant who was making a night deposit, about the fact that the night manager owed a debt in the same amount that he claimed was stolen by defendant. We reversed the trial court's refusal to admit this evidence because it was relevant in that it gave the witness a motive for falsely accusing the appellant. Similarly, in the present case appellant's defense was that he had paid the cabbie, but that the cabbie had kept the fare. The cabbie's admission that he had done so in the past was evidence that the cabbie had a motive to falsely accuse appellant.
We conclude that this evidence should have been admitted under section 90.608(2), Florida Statutes (2002), which provides that a party may attack the credibility of a witness by demonstrating bias or motive to be untruthful. Barows v. State, 805 So.2d 120, 122 (Fla. 4th DCA 2002) ("section 90.608(2), Florida Statutes, as well as the Sixth Amendment to the United States Constitution, guarantee a defendant `the right to a full and fair opportunity to cross-examine prosecution witnesses in order to show their bias or motive to be untruthful.'").
We therefore reverse for a new trial.
STEVENSON and SHAHOOD, JJ., concur